

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-26-00166-CV

IN THE MATTER OF THE MARRIAGE OF LENORE HERNANDEZ MOWAFY AND
MOHAMED RIZK MOWAFY AND IN THE INTEREST OF R.M.M., A CHILD

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2023-FM-2517, Honorable John J. "Trey" McClendon III, Presiding

July 28, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and YARBROUGH and PRATT, JJ.

Appellant, Mohamed Rizk Mowafy, appeals from the trial court's *Default Final Decree of Divorce*. Through four issues, he argues the trial court reversibly erred. We reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

## BACKGROUND

Appellant's wife, Lenore Hernandez Mowafy, filed a petition for divorce on December 6, 2023. Appellant filed an Original Answer and Counterpetition on January

26, 2024. On October 9, 2025, the trial court sent to the parties notice of the final hearing to be held on November 19, 2025. Mohamed did not appear at the hearing, and the trial court entered a post-answer *Default Final Decree of Divorce*.

Thereafter, Mohamed filed an objection to the entry of the decree and moved to set aside the default judgment challenging, among other things, proper notice under Rule 245.[1] He later also filed a motion for new trial that was denied after a hearing. By this appeal, Mohamed seeks reversal of the *Default Final Decree of Divorce* signed December 19, 2025, and seeks remand for a full trial on the merits.[2]

## ANALYSIS

By four issues, Mohamed argues the trial court reversibly erred. Our disposition of his issue concerning notice is dispositive.[3] We do note, however, that the trial court entered a post-answer default judgment in this matter, not a no-answer default judgment as Mohamed seems to believe.[4]

---

[1] Mohamed has, therefore, preserved this issue for our review. *In re J.(B.B.) M.*, 955 S.W.2d 405, 408 (Tex. App.—San Antonio 1997, no pet.) (discussing waiver when party fails to object to lack of notice under Rule 245). We do note he did not make this argument during the hearing on his motion for new trial. In that hearing, he simply told the court he never received a notice. However, it is not required that this point be raised in a motion for new trial. *Rodriguez v. Marcus*, 564 S.W.3d 216, 222 (Tex. App.—El Paso 2018, no pet.).

[2] Lenore did not file an appellee's brief.

[3] We thus do not reach Mohamed's remaining issues. TEX. R. APP. P. 47.1.

[4] In his appellate brief, Mohamed seems to understand there is a difference between the two types of default. He nevertheless advances arguments applicable to a no-answer default judgment. He argues the trial court erred by rendering the default divorce decree when his answer had been on file for 22 months. He argues that because he had answered the suit, the trial court could not enter a no-answer default judgment. Mohamed is correct on that point but fails to realize the trial court entered a post-answer default judgment, not a no-answer default judgment, because he failed to appear at the final hearing.

"A post-answer default is one rendered when the defendant has filed an answer, but fails to appear at trial." *Mahand v. Delaney*, 60 S.W.3d 371, 373 (Tex. App.—Houston [1st Dist.] 2001, no pet.). When a party has answered in a divorce case, they are entitled to notice of trial. *Turner v. Ward*, 910 S.W.2d 500, 505 (Tex. App.—El Paso 1994, no writ). *See also In re Marriage of Runberg*, 159 S.W.3d 194, 197 (Tex. App.—Amarillo 2005, no pet.) (noting same). A plaintiff may not take a post-answer default judgment against a defendant on less than 45 days' notice of the final hearing; otherwise, the post-answer default judgment is ineffectual and should be set aside. *Highsmith v. Highsmith*, 587 S.W.3d 771, 777 (Tex. 2019); *Hildebrand v. Hildebrand*, No. 01-18-00933-CV, 2020 Tex. App. LEXIS 5576, at *10 (Tex. App.—Houston [1st Dist.] July 21, 2020, no pet.) (mem. op.).

It is also presumed that a trial court will hear a case only when notice has been given to the parties. *Id*. If the record affirmatively demonstrates less than 45 days' notice was provided, the presumption of proper notice will no longer be taken as true. *In re Hughes*, No. 07-08-00292-CV, 2009 Tex. App. LEXIS 3735, at *7 (Tex. App.—Amarillo May 29, 2009, no pet.) (mem. op.). If the record does not so establish, a party challenging a trial court's judgment for lack of notice has the burden of proving there was no notice. *Carter v. Carter*, 225 S.W.3d 649, 651 (Tex. App.—El Paso 2006, no pet.). An appellant must affirmatively show a lack of notice, which generally requires affidavits or other competent evidence showing that he did not receive proper notice. *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.).

In this case, Mohamed filed an answer denying the allegations in Lenore's petition for divorce, placing in issue the contested matters raised. *Highsmith*, 587 S.W.3d at 777;

3

*Hildebrand*, 2020 Tex. App. LEXIS 5576, at *10. Therefore, Mohamed had a constitutional due process right to receive adequate notice of the final hearing. *Id.* Mohamed argues the notice period for the final hearing was three days short of the statutory minimum, i.e., 42 days' notice rather than the required 45 days' notice. *See* TEX. R. CIV. P. 245. We agree.

The appellate record does not contain the notice of the trial setting.[5] However, the trial court stated at the outset of the final hearing, held November 19, 2025, that "there's an Order Setting Final Hearing that was filed on October 9th of 2025." The period between the date of the notice and the date of the final hearing was 42 days. Therefore, the information before us establishes Mohamed did not receive 45 days' notice as required. *See A&A Constr. Servs., LLC v. Blevins*, No. 07-13-00251-CV, 2014 Tex. App. LEXIS 4538, at *10–11 (Tex. App.—Amarillo April 24, 2014, no pet.) (mem. op.) (noting that even if defendant received notice, he did not receive 45 days' notice and thus, the trial court's default judgment violated his due process rights). *See also Rodriguez v. Marcus*, 564 S.W.3d 216, 222 (Tex. App.—El Paso 2018, no pet.) (notice did not appear in the record but record affirmatively demonstrated less than 45 days' notice was provided as required).

---

[5] Mohamed included the file-stamped notice in an appendix filed with his appellate brief. Generally, an appellate court cannot consider documents attached to a brief as an exhibit or in an appendix if the same documents do not appear in the record. *Rodriguez*, 564 S.W.3d at 222. However, some courts have found that an attachment to a pleading or brief definitively establishing the lack of notice may suffice as proof. *See Custom-Crete, Inc. v. K-Bar Servs.,* 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.) (finding attachment of the actual notice that demonstrated less than 45 days' notice was sufficient to rebut the presumption of proper notice). And, while not done here, we do want to point out that the Texas Rules of Appellate Procedure now permit an appellant in a civil case to file a notice of election stating that the appellant will file an appendix that replaces the clerk's record for the appeal. *See* TEX. R. APP. P. 34.5a.

This does not comply with the requisites of Rule 245. *See* TEX. R. CIV. P. 245. Consequently, we find the post-answer *Default Final Decree of Divorce* is ineffectual for lack of adequate notice. *Highsmith*, 587 S.W.3d at 777; *Hildebrand*, 2020 Tex. App. LEXIS 5576, at *10; *In re Hughes*, 2009 Tex. App. LEXIS 3735, at *9. We sustain Mohamed's issue concerning proper notice under Rule 245.

### CONCLUSION

Having sustained Mohamed's issue concerning notice, we reverse the judgment of the trial court and remand the matter to the trial court for further proceedings. *See* TEX. R. APP. P. 43.2(d).

Alex Yarbrough
Justice
